**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PERSIAN GULF, INC., individually and on behalf of all others similarly situated, | No. 22-56016 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-01749-JO-AGS |
| v. | |
| ALON USA ENERGY, INC., | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| BP WEST COAST PRODUCTS, LLC, et al., | |
| Defendants. | |

| | |
|---|---|
| JOSHUA EBRIGHT, et al., | No. 22-56018 |
| Plaintiffs-Appellees, | D.C. Nos. 3:18-cv-01374-JO-AGS 3:18-cv-01377-JO-AGS |
| v. | |
| ALON USA ENERGY, INC., | |
| Defendant-Appellant, | |
| and | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| |
|---|
| BP WEST COAST PRODUCTS, LLC; et al., |
| Defendants. |

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Argued and Submitted December 4, 2023
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

In these consolidated cases, Defendant-Appellant Alon USA Energy, Inc. (Alon) appeals the district court's denial of its motions for sanctions under Federal Rule of Civil Procedure 11 (Rule 11) and 28 U.S.C. § 1927 against Plaintiffs-Appellees Persian Gulf, Inc., Joshua Ebright and other plaintiffs (collectively, Plaintiffs). We review for abuse of discretion a district court's decision not to award sanctions. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990). Because we cannot ascertain on the existing record if the district court correctly assessed the relevant evidence, we vacate the district court's orders and remand for further proceedings. We assume the parties' familiarity with the facts and do not recite them here.

Rule 11 requires that pleadings, written motions, and other papers filed with the court be signed by an attorney of record as certification that "to the best of the

2

person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" it is not being presented for an improper purpose, its legal contentions are nonfrivolous, and its factual contentions have evidentiary support (or, if specifically so identified, will after a reasonable opportunity for investigation or discovery). Fed. R. Civ. Proc. 11. Sanctions may be imposed for frivolous filings, which are those that are "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). "Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).

Rule 11 requires an evaluation of what constitutes a reasonable inquiry under all the circumstances of a case. *See Townsend*, 929 F.2d at 1364 (citing *Cooter & Gell*, 496 U.S. at 401). Our precedent outlines several relevant (but not mandatory) factors, including access to relevant information, the experience of an attorney versus the level of specialized expertise necessary, whether the allegations are related to knowledge, purpose, or intent, the relation of an allegedly frivolous

claim to the pleading as a whole, the length of time the attorney had to investigate, and the complexity of the case.[1] *Id.*; *see also Lloyd v. Schlag*, 884 F.2d 409, 412 (9th Cir. 1989); *Heuttig & Schromm, Inc. v. Landscape Contractors Council of N. Cal.*, 790 F.2d 1421, 1426–27 (9th Cir. 1986); *Dubois v. U.S. Dep't of Agric.*, 270 F.3d 77, 82–83 (1st Cir. 2001); *Coffey v. Healthtrust, Inc.*, 1 F.3 1101, 1104 (10th Cir. 1993).

In briefing and at oral argument, there was significant discussion of whether Plaintiffs' reliance on an expert report to support an allegation that Alon's refinery shut down on April 20, 2012 (the Hydrocracker Allegation) was sufficient to meet Rule 11's reasonable inquiry requirement. Alon noted the availability of SEC filings contradicting the dates in the McCullough Report and the lack of declarations or affidavits from Plaintiffs' attorneys as to what investigation they undertook (both prior to filing the complaints and after receipt of a letter from Alon showing the inaccuracy of the allegations). Plaintiffs noted their lack of access to Alon's underlying data in support of those filings and that they relied on the expert's reputation and experience in the industry, as well as Alon's failure to

---

[1] But, as we noted in *Townsend*, the existence of one nonfrivolous claim does not exempt an attorney from Rule 11 sanctions. 929 F.2d at 1362–64 (explicitly overruling the holding in *Murphy v. Business Cards Tomorrow, Inc.*, 854 F.2d 1202 (9th Cir. 1988)). On remand, the district court should objectively examine whether the allegations were factually baseless and then determine whether the attorney conducted a reasonable inquiry under all the circumstances of the case. *See* Fed. R. Civ. P. 11(b)(3).

4

dispute at an earlier point the facts contained in the report.

In all circumstances, Rule 11 "calls for an intensely fact-bound inquiry." *Townsend*, 929 F.2d at 1365. In this case, it is unclear whether or how that inquiry happened, given the brevity of the district court's orders denying sanctions and the lack of any hearing regarding the investigation undertaken by Plaintiffs' attorneys. Therefore, without further development of the record, we cannot determine if the district court applied an incorrect legal standard or otherwise abused its discretion in denying sanctions.

The district court's finding on the second allegation regarding Alon's participation in the California energy market and its finding of a lack of subjective bad faith to support § 1927 sanctions face similar problems. Nothing in the record indicates that the district court considered what additional investigation Plaintiffs undertook when confronted with Alon's letter outlining why the allegations against it were inaccurate, or how the district court determined Plaintiffs were justified in proceeding with the litigation at that point.

Because on this record we cannot ascertain whether the district court fully considered the level of investigation done by Plaintiffs' attorneys prior to filing the complaints (regarding the Rule 11 sanctions) or after being confronted with the inaccuracies of the allegations (regarding the § 1927 sanctions), we remand for further proceedings. We order the district court to hold an evidentiary hearing to

5

further develop the record as to what investigation Plaintiffs' counsel undertook for the two factual allegations at issue in the motion for sanctions, both at the time of filing the complaints and at the time of receipt of Alon's letter disputing the allegations. Therefore, we **VACATE** the district court's denial of sanctions and **REMAND** for further proceedings.[2]

---

[2] We make no determination of whether sanctions are appropriate under these circumstances.